APPEAL,CLOSED,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:19–cv–02184–TJK</u>
### *Internal Use Only*

| | |
|---|---|
| UNITED STATES OF AMERICA v. FACEBOOK, INC. | Date Filed: 07/24/2019 |
| Assigned to: Judge Timothy J. Kelly | Date Terminated: 04/24/2020 |
| Cause: 15:0045 Federal Trade Commission Act | Jury Demand: None |
| | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Plaintiff |

**Plaintiff**

**UNITED STATES OF AMERICA**　　represented by　**Katherine M. Ho**
DEPARTMENT OF JUSTICE
450 5th Street NW
Washington DC
202–353–7835
Email: katherine.ho@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Raymond Runkle**
U.S. DEPARTMENT OF JUSTICE
Consumer Protection Branch
450 5th St., NW
Suite 6400
Washington, DC 20001
(202) 532–4723
Email: Patrick.r.runkle@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Cowan**
DOJ–CIV
P.O. Box 386
Washington, DC 20044
202–598–7566
Email: zachary.l.cowan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Lee**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 5th St, NW
Washington, DC 20001
(202) 514–0515
Fax: (202) 515–8742

1

Email: jason.lee3@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Lisa K. Hsiao**
U.S. DEPARTMENT OF JUSTICE
450 5th Street, NW
Suite 6400–South
Washington, DC 20001
(202) 532–4892
Email: Lisa.K.Hsiao@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FACEBOOK, INC.**                    represented by   **David B. Toscano**
*a corporation*                                         DAVIS POLK & WARDWELL LLP
                                                        450 Lexington Avenue
                                                        New York, NY 10017
                                                        212–450–4515
                                                        Email: david.toscano@davispolk.com
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James P. Rouhandeh**
                                                        DAVIS POLK & WARDWELL LLP
                                                        450 Lexington Avenue
                                                        New York, NY 10017
                                                        212–450–4000
                                                        Email: rouhandeh@davispolk.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **John A. Atchley III**
                                                        DAVIS POLK & WARDWELL LLP
                                                        450 Lexington Avenue
                                                        New York, NY 10017
                                                        212–450–3469
                                                        Email: john.atchley@davispolk.com
                                                        *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Joshua Seth Lipshutz**
                                                        GIBSON, DUNN & CRUTCHER, LLP
                                                        1050 Connecticut Ave, NW
                                                        9th Floor
                                                        Washington, DC 20036
                                                        (202) 955–8217
                                                        Email: jlipshutz@gibsondunn.com

*TERMINATED: 06/02/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Stuart Scheinkman**
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
212–450–4754
Email: michael.scheinkman@davispolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Nathanson**
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
202–450–7000
Email: paul.nathanson@davispolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Olivia Arden Adendorff**
GIBSON, DUNN & CRUTCHER, LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201
214–698–3159
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Orin Samuel Snyder**
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
47th Floor
New York, NY 10166
212–351–4000
Fax: 212–351–4035
Email: osnyder@gibsondunn.com
*TERMINATED: 06/02/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas G. Hungar**
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave, NW
9th Floor
Washington, DC 20036
(202) 887–3784
Fax: (202) 530–4213
Email: thungar@gibsondunn.com
*TERMINATED: 06/02/2023*

*ATTORNEY TO BE NOTICED*

**Movant**

**LEONID GOLDSTEIN**                  represented by  **LEONID GOLDSTEIN**
3824 Cedar Springs Rd
#801–1774
Dallas, TX 75219
(408) 921–1110
*PRO SE*

**Amicus**

**ELECTRONIC PRIVACY**              represented by  **Alan Jay Butler**
**INFORMATION CENTER**                            ELECTRONIC PRIVACY
INFORMATION CENTER
1519 New Hampshire Ave, NW
Washington, DC 20036
(202) 483–1140 ext 103
Fax: (202) 483–1248
Email: butler@epic.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John L. Davisson**
ELECTRONIC PRIVACY
INFORMATION CENTER
1519 New Hampshire Ave, NW
Washington, DC 20036
(202) 483–1140 ext. 120
Email: davisson@epic.org
*ATTORNEY TO BE NOTICED*

**Amicus**

**CENTER FOR THE**                  represented by  **Stephen R. Klein**
**LEGALIZATION OF PRIVACY**                      BARR & KLEIN PLLC
1629 K Street NW
Ste. 300
Washington, DC 20006
202–804–6676
Email: steve@barrklein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy Lynn Peikoff**
3024 E. Chapman Avenue
#129
Orange, CA 92869
(714) 409–8275
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**PUBLIC CITIZEN, INC.**                    represented by   **Adam R. Pulver**
                                                           PUBLIC CITIZEN LITIGATION GROUP
                                                           1600 20th Street, NW
                                                           Washington, DC 20009
                                                           (202) 588–7790
                                                           Email: apulver@citizen.org
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Rebecca H. Smullin**
                                                           CONSUMER FINANCIAL
                                                           PROTECTION BUREAU
                                                           1700 G Street, NW
                                                           Washington, DC 20552
                                                           202–435–7546
                                                           Email: rebecca.smullin@cfpb.gov

**Amicus**

**CAMPAIGN FOR A**                          represented by   **Adam R. Pulver**
**COMMERCIAL–FREE**                                         (See above for address)
**CHILDHOOD**                                              *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Rebecca H. Smullin**
                                                           (See above for address)

**Amicus**

**COMMON SENSE MEDIA**                      represented by   **Adam R. Pulver**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Rebecca H. Smullin**
                                                           (See above for address)

**Amicus**

**UNITED STATES PUBLIC**                     represented by   **Adam R. Pulver**
**INTEREST RESEARCH GROUP,**                                (See above for address)
**INC.**                                                   *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Rebecca H. Smullin**
                                                           (See above for address)

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/24/2019 | 1 | COMPLAINT against FACEBOOK, INC. (Fee Status:Filing Fee Waived) filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Civil Cover Sheet)(Hsiao, Lisa) (Entered: 07/24/2019) |

| 07/24/2019 | 2 | Consent MOTION to Approve Consent Judgment by UNITED STATES OF AMERICA (Attachments: # 1 Proposed Stipulated Order for Civil Penalty, Monetary Judgment, and Injunctive Relief)(Hsiao, Lisa) (Entered: 07/24/2019) |
| --- | --- | --- |
| 07/25/2019 | 3 | ERRATA *Complaint* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Civil Cover Sheet)(Hsiao, Lisa) (Entered: 07/25/2019) |
| 07/25/2019 | 4 | ERRATA re 2 MOTION to Approve Consent Judgment by UNITED STATES OF AMERICA. (Attachments: # 1 Proposed Stipulated Order for Civil Penalty, Monetary Judgment, and Injunctive Relief)(Hsiao, Lisa) Modified to add link on 7/26/2019 (znmw). (Entered: 07/25/2019) |
| 07/25/2019 | | Case Assigned to Judge Timothy J. Kelly. (zeg) (Entered: 07/25/2019) |
| 07/25/2019 | | SUMMONS Not Issued as to FACEBOOK, INC. (zeg) (Entered: 07/25/2019) |
| 07/26/2019 | 5 | MOTION to Intervene *or, in the alternative*, MOTION for Leave to File *an amicus curiae brief*, MOTION for Briefing Schedule *to hear from intervenors and interested parties*, MOTION for Hearing *on parties' motion to approve consent judgment* by ELECTRONIC PRIVACY INFORMATION CENTER (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Butler, Alan) (Entered: 07/26/2019) |
| 08/01/2019 | 6 | NOTICE of Appearance by Joshua S. Lipshutz on behalf of FACEBOOK, INC. (Lipshutz, Joshua) (Entered: 08/01/2019) |
| 08/01/2019 | 7 | NOTICE of Appearance by Thomas G. Hungar on behalf of FACEBOOK, INC. (Hungar, Thomas) (Entered: 08/01/2019) |
| 08/01/2019 | 8 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FACEBOOK, INC. (Lipshutz, Joshua) (Entered: 08/01/2019) |
| 08/03/2019 | 9 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Orin Snyder, :Firm– Gibson, Dunn & Crutcher, :Address– 200 Park Avenue, New York, New York 10166. Phone No. – 212–351–2400. Fax No. – 212–351–6335 Filing fee $ 100, receipt number 0090–6299037. Fee Status: Fee Paid. by FACEBOOK, INC. (Attachments: # 1 Exhibit A, Declaration in Support, # 2 Text of Proposed Order)(Lipshutz, Joshua) (Entered: 08/03/2019) |
| 08/03/2019 | 10 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Olivia Adendorff, :Firm– Gibson, Dunn & Crutcher, :Address– 2100 McKinney Avenue, Suite 1100, Dallas, Texas 75201. Phone No. – 214–698–3159. Fax No. – 214–571–2903 Filing fee $ 100, receipt number 0090–6299038. Fee Status: Fee Paid. by FACEBOOK, INC. (Attachments: # 1 Exhibit A, Declaration in Support, # 2 Text of Proposed Order)(Lipshutz, Joshua) (Entered: 08/03/2019) |
| 08/05/2019 | | MINUTE ORDER granting Defendant's 9 10 Motions for Leave to Appear Pro Hac Vice. Attorneys Orin S. Snyder and Olivia A. Adendorf are hereby admitted pro hac vice to appear in this matter. Signed by Judge Timothy J. Kelly on 8/5/2019. (lctjk1) (Entered: 08/05/2019) |
| 08/05/2019 | 11 | Memorandum in opposition to re 5 MOTION to Intervene *or, in the alternative* MOTION for Leave to File *an amicus curiae brief* MOTION for Briefing Schedule *to hear from intervenors and interested parties* MOTION for Hearing *on parties' motion* |

| | | |
|---|---|---|
| | | *to approve consent judgment* filed by UNITED STATES OF AMERICA. (Hsiao, Lisa) (Entered: 08/05/2019) |
| 08/05/2019 | 12 | Memorandum in opposition to re 5 MOTION to Intervene *or, in the alternative* MOTION for Leave to File *an amicus curiae brief* MOTION for Briefing Schedule *to hear from intervenors and interested parties* MOTION for Hearing *on parties' motion to approve consent judgment* filed by FACEBOOK, INC.. (Lipshutz, Joshua) (Entered: 08/05/2019) |
| 08/12/2019 | 13 | REPLY to opposition to motion re 5 MOTION to Intervene *or, in the alternative* MOTION for Leave to File *an amicus curiae brief* MOTION for Briefing Schedule *to hear from intervenors and interested parties* MOTION for Hearing *on parties' motion to approve consent judgment* filed by ELECTRONIC PRIVACY INFORMATION CENTER. (Attachments: # 1 Exhibit Proposed Complaint in Intervention)(Butler, Alan) (Entered: 08/12/2019) |
| 08/19/2019 | 14 | NOTICE of Appearance by Jason Lee on behalf of UNITED STATES OF AMERICA (Lee, Jason) (Entered: 08/19/2019) |
| 09/06/2019 | 15 | MOTION to Intervene by LEONID GOLDSTEIN. (ztth) (Entered: 09/09/2019) |
| 09/09/2019 | 16 | NOTICE of Appearance by Patrick Raymond Runkle on behalf of UNITED STATES OF AMERICA (Runkle, Patrick) (Entered: 09/09/2019) |
| 09/12/2019 | 17 | Unopposed MOTION for Leave to File *Brief of Amicus Curiae* by Center for the Legalization of Privacy (Attachments: # 1 Text of Proposed Order for Leave to File)(Klein, Stephen) (Entered: 09/12/2019) |
| 09/12/2019 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Amy Lynn Peikoff, :Firm– Center for the Legalization of Privacy, :Address– 3024 E. Chapman Ave. #129, Orange CA 92869. Phone No. – 714–409–8275. Filing fee $ 100, receipt number 0090–6373347. Fee Status: Fee Paid. by Center for the Legalization of Privacy (Attachments: # 1 Declaration of Amy Lynn Peikoff, # 2 Text of Proposed Order granting pro hac vice admission)(Klein, Stephen) (Entered: 09/12/2019) |
| 09/12/2019 | | MINUTE ORDER granting, for good cause shown, the 17 Unopposed Motion for Leave to File Amicus Curiae Brief. It is hereby ORDERED that the amicus curiae brief shall be filed by October 15, 2019. Signed by Judge Timothy J. Kelly on 9/12/2019. (lctjk1) (Entered: 09/12/2019) |
| 09/12/2019 | | MINUTE ORDER granting Amicus Curiae's 18 Motion for Leave to Appear Pro Hac Vice. Attorney Amy Lynn Peikoff is hereby admitted pro hac vice to appear in this matter. Signed by Judge Timothy J. Kelly on 9/12/2019. (lctjk1) (Entered: 09/12/2019) |
| 09/23/2019 | 19 | Memorandum in opposition to re 15 MOTION to Intervene filed by UNITED STATES OF AMERICA. (Hsiao, Lisa) (Entered: 09/23/2019) |
| 09/23/2019 | 20 | Memorandum in opposition to re 15 MOTION to Intervene filed by FACEBOOK, INC.. (Lipshutz, Joshua) (Entered: 09/23/2019) |
| 10/15/2019 | 21 | AMICUS BRIEF re 2 Consent MOTION to Approve Consent Judgment *as Amicus Curiae* filed by CENTER FOR THE LEGALIZATION OF PRIVACY. (Klein, Stephen) Modified event title on 10/17/2019 (znmw). (Entered: 10/15/2019) |
| 10/15/2019 | 22 | MOTION for Leave to File *Brief As Amici Curiae* by PUBLIC CITIZEN, CAMPAIGN FOR A COMMERCIAL–FREE CHILDHOOD, COMMON SENSE MEDIA, |

| | | |
|---|---|---|
| | | UNITED STATES PUBLIC INTEREST RESEARCH GROUP, INC. (Attachments: # 1 Exhibit Proposed Brief, # 2 Text of Proposed Order)(Smullin, Rebecca) (Entered: 10/15/2019) |
| 10/15/2019 | 23 | ENTERED IN ERROR.....Unopposed MOTION for Leave to File *Brief as Amicus Curiae* by ELECTRONIC PRIVACY INFORMATION CENTER (Attachments: # 1 Proposed Brief, # 2 Text of Proposed Order)(Davisson, John); Modified on 10/16/2019 (ztth). (Entered: 10/15/2019) |
| 10/16/2019 | | NOTICE OF ERROR re 23 Motion for Leave to File; emailed to davisson@epic.org, cc'd 19 associated attorneys –– The PDF file you docketed contained errors: 1. Invalid attorney signature, 2. Please refile document, 3. PACER login and signature must match. (ztth, ) (Entered: 10/16/2019) |
| 10/16/2019 | 24 | Unopposed MOTION for Leave to File *Brief as Amicus Curiae* by ELECTRONIC PRIVACY INFORMATION CENTER (Attachments: # 1 Proposed Amicus Curiae Brief)(Butler, Alan) (Entered: 10/16/2019) |
| 10/31/2019 | | MINUTE ORDER granting the 22 Unopposed Motion for Leave to File Amicus Curiae Brief. Neither party has opposed this motion within 14 days and the Court finds that the motion otherwise complies with LCvR 7(o)(2). Therefore, it is hereby ORDERED that the 22 Unopposed Motion for Leave to File Amicus Curiae Brief is GRANTED. Signed by Judge Timothy J. Kelly on 10/31/2019. (lctjk1) (Entered: 10/31/2019) |
| 10/31/2019 | 25 | AMICUS BRIEF by CAMPAIGN FOR A COMMERCIAL–FREE CHILDHOOD, COMMON SENSE MEDIA, PUBLIC CITIZEN, UNITED STATES PUBLIC INTEREST RESEARCH GROUP, INC. (ztth) (Entered: 11/04/2019) |
| 12/10/2019 | | MINUTE ORDER granting the 24 Unopposed Motion for Leave to File Amicus Curiae Brief. It is hereby ORDERED that the 24 Unopposed Motion for Leave to File Amicus Curiae Brief is GRANTED. Signed by Judge Timothy J. Kelly on 12/10/2019. (lctjk1) (Entered: 12/10/2019) |
| 12/10/2019 | | MINUTE ORDER: Upon consideration of Defendant's request in its 12 Memorandum in Opposition that the parties be permitted to respond to amici curiae, it is hereby ORDERED that, by January 24, 2020, Plaintiff and Defendant shall each file a brief responding to the arguments presented by all amici curiae. Any additional motions for leave to file a brief as amicus curiae shall be filed by December 17, 2019. It is FURTHER ORDERED that, by January 24, 2020, Plaintiff and Defendant shall each file a surreply addressing EPIC's arguments in its 13 Reply that it has a legally protected interest in this matter under Rule 24(a), as well as Article III standing, by virtue of the two Administrative Procedure Act claims in its [13–1] Proposed Complaint in Intervention. Signed by Judge Timothy J. Kelly on 12/10/2019. (lctjk1) (Entered: 12/10/2019) |
| 12/10/2019 | 26 | AMICUS BRIEF by ELECTRONIC PRIVACY INFORMATION CENTER. (ztth) (Entered: 12/12/2019) |
| 12/11/2019 | | Set/Reset Deadlines: Any additional motions for leave to file a brief as amicus curiae due by 12/17/2019. (zkh) (Entered: 12/11/2019) |
| 01/24/2020 | 27 | SURREPLY to re 5 MOTION to Intervene *or, in the alternative* MOTION for Leave to File *an amicus curiae brief* MOTION for Briefing Schedule *to hear from intervenors and interested parties* MOTION for Hearing *on parties' motion to approve consent judgment* filed by UNITED STATES OF AMERICA. (Runkle, Patrick) (Entered: |

| | | |
|---|---|---|
| | | 01/24/2020) |
| 01/24/2020 | 28 | RESPONSE re 26 Amicus Brief, 25 Amicus Brief filed by UNITED STATES OF AMERICA. (Runkle, Patrick) (Entered: 01/24/2020) |
| 01/24/2020 | 29 | SURREPLY to re 5 MOTION to Intervene *or, in the alternative* MOTION for Leave to File *an amicus curiae brief* MOTION for Briefing Schedule *to hear from intervenors and interested parties* MOTION for Hearing *on parties' motion to approve consent judgment* filed by FACEBOOK, INC.. (Lipshutz, Joshua) (Entered: 01/24/2020) |
| 01/24/2020 | 30 | RESPONSE re 26 Amicus Brief, 25 Amicus Brief, 21 Memorandum in Opposition filed by FACEBOOK, INC.. (Lipshutz, Joshua) (Entered: 01/24/2020) |
| 04/23/2020 | 31 | ORDER denying 5 , 15 Motions to Intervene. See Order for details. Signed by Judge Timothy J. Kelly on 4/23/2020. (lctjk1) (Entered: 04/23/2020) |
| 04/23/2020 | 32 | MEMORANDUM OPINION in support of 31 Order denying 5 , 15 Motions to Intervene. Signed by Judge Timothy J. Kelly on 4/23/2020. (lctjk1) (Entered: 04/23/2020) |
| 04/23/2020 | 33 | ORDER granting 4 Consent Motion for Entry of Stipulated Order. See Order for details. Signed by Judge Timothy J. Kelly on 4/23/2020. (lctjk1) (Entered: 04/23/2020) |
| 04/23/2020 | 34 | MEMORANDUM OPINION in support of 33 Order granting 4 Consent Motion for Entry of Stipulated Order. Signed by Judge Timothy J. Kelly on 4/23/2020. (lctjk1) (Entered: 04/23/2020) |
| 04/23/2020 | 35 | STIPULATED ORDER. See Order for details. Signed by Judge Timothy J. Kelly on 4/23/2020. (lctjk1) (Entered: 04/23/2020) |
| 05/31/2023 | 36 | NOTICE of Appearance by James P. Rouhandeh on behalf of FACEBOOK, INC. (Rouhandeh, James) (Entered: 05/31/2023) |
| 05/31/2023 | 37 | NOTICE of Appearance by Michael Stuart Scheinkman on behalf of FACEBOOK, INC. (Scheinkman, Michael) (Entered: 05/31/2023) |
| 05/31/2023 | 38 | MOTION to Enforce *the Stipulated Order and to Enjoin the Administrative Reopening Proceeding of the Federal Trade Commission* by FACEBOOK, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration of James P. Rouhandeh in Support, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Text of Proposed Order, # 21 Certificate of Service)(Rouhandeh, James) (Entered: 05/31/2023) |
| 05/31/2023 | 39 | NOTICE *of Filing of Exhibit in Disk Format Pursuant to Local Rule 5.4(e)* by FACEBOOK, INC. (Rouhandeh, James) (Entered: 05/31/2023) |
| 05/31/2023 | 40 | NOTICE of Appearance by Zachary Cowan on behalf of UNITED STATES OF AMERICA (Cowan, Zachary) (Entered: 05/31/2023) |
| 06/01/2023 | 41 | NOTICE OF Appearance by Adam R. Pulver on behalf of CAMPAIGN FOR A COMMERCIAL–FREE CHILDHOOD, COMMON SENSE MEDIA, PUBLIC CITIZEN, INC., UNITED STATES PUBLIC INTEREST RESEARCH GROUP, INC. (Pulver, Adam) Modified on 6/7/2023 to correct event/ docket text (zjm). (Entered: 06/01/2023) |

| 06/01/2023 | | MINUTE ORDER: Upon consideration of Defendant's <u>38</u> motion to enforce and for preliminary injunctive relief, it is hereby ORDERED that, by June 6, 2023, the parties shall meet, confer, and file a joint status report proposing a briefing schedule as well as three potential dates for a hearing on Defendant's <u>38</u> motion. The United States shall also indicate, for scheduling purposes, whether it expects the deadline for Defendant to respond to the FTC's order to show cause to be further extended, in light of the complex and significant issues raised in Defendant's <u>38</u> motion. Signed by Judge Timothy J. Kelly on 6/1/2023. (lctjk1) (Entered: 06/01/2023) |
| 06/02/2023 | <u>42</u> | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to FACEBOOK, INC.. Attorney Olivia Arden Adendorff terminated. (Snyder, Orin) Modified on 6/5/2023 (ztth). (Entered: 06/02/2023) |
| 06/02/2023 | <u>43</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to FACEBOOK, INC.. Attorney Orin Samuel Snyder terminated. (Snyder, Orin) (Entered: 06/02/2023) |
| 06/02/2023 | <u>44</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to FACEBOOK, INC.. Attorney Joshua Seth Lipshutz terminated. (Lipshutz, Joshua) (Entered: 06/02/2023) |
| 06/02/2023 | <u>45</u> | NOTICE OF WITHDRAWAL OF APPEARANCE as to FACEBOOK, INC.. Attorney Thomas G. Hungar terminated. (Hungar, Thomas) (Entered: 06/02/2023) |
| 06/05/2023 | | NOTICE OF ERROR regarding <u>42</u> Notice of Withdrawal of Appearance. The following error(s) need correction: Notice of withdrawal must be signed and filed by the withdrawing attorney and signed by the party/parties represented (LCvR 83.6(b)). (ztth) (Entered: 06/05/2023) |
| 06/06/2023 | <u>46</u> | Joint STATUS REPORT by FACEBOOK, INC.. (Rouhandeh, James) (Entered: 06/06/2023) |
| 06/07/2023 | | MINUTE ORDER: Upon consideration of the parties' <u>46</u> Joint Status Report, it is hereby ORDERED that the Government shall respond to Defendant's <u>38</u> motion to enforce and for preliminary injunctive relief by August 16, 2023, and Defendant shall reply by September 13, 2023. However, the parties are further ORDERED to, by June 12, 2023, file another joint status report proposing three available dates for a hearing the week of October 16, 2023, as the Court expects to be in trial from September 27 through October 13. Signed by Judge Timothy J. Kelly on 6/7/2023. (lctjk1) (Entered: 06/07/2023) |
| 06/12/2023 | <u>47</u> | Joint STATUS REPORT by FACEBOOK, INC.. (Rouhandeh, James) (Entered: 06/12/2023) |
| 06/13/2023 | | MINUTE ORDER: Upon consideration of the parties' <u>47</u> Joint Status Report, it is hereby ORDERED that the parties shall appear for a hearing on Defendant's <u>38</u> motion to enforce and for preliminary injunctive relief on October 17, 2023 at 9:30 a.m. in Courtroom 11. Signed by Judge Timothy J. Kelly on 6/13/2023. (lctjk1) (Entered: 06/13/2023) |
| 06/29/2023 | <u>48</u> | NOTICE of Appearance by Katherine M. Ho on behalf of UNITED STATES OF AMERICA. (ztnr) (Entered: 06/29/2023) |
| 08/16/2023 | <u>49</u> | Memorandum in opposition to re <u>38</u> Motion to Enforce,, filed by UNITED STATES OF AMERICA. (Attachments: # <u>1</u> Text of Proposed Order)(Cowan, Zachary) (Entered: 08/16/2023) |
| 09/13/2023 | <u>50</u> | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Paul Nathanson on behalf of FACEBOOK, INC. (Nathanson, Paul) (Entered: 09/13/2023) |
| 09/13/2023 | 51 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– David B. Toscano, Filing fee $ 100, receipt number ADCDC–10349883. Fee Status: Fee Paid. by FACEBOOK, INC.. (Attachments: # 1 Declaration of David Toscano, # 2 Supplement Certificate of Good Standing, # 3 Text of Proposed Order)(Rouhandeh, James) (Entered: 09/13/2023) |
| 09/13/2023 | 52 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John A. Atchley III, Filing fee $ 100, receipt number ADCDC–10349885. Fee Status: Fee Paid. by FACEBOOK, INC.. (Attachments: # 1 Declaration of John A. Atchley III, # 2 Supplement Certificate of Good Standing, # 3 Text of Proposed Order)(Rouhandeh, James) (Entered: 09/13/2023) |
| 09/13/2023 | 53 | REPLY to opposition to motion re 38 MOTION to Enforce *the Stipulated Order and to Enjoin the Administrative Reopening Proceeding of the Federal Trade Commission* filed by FACEBOOK, INC.. (Attachments: # 1 Declaration of James P. Rouhandeh, # 2 Exhibit R, # 3 Exhibit S, # 4 Exhibit T, # 5 Exhibit U, # 6 Certificate of Service)(Rouhandeh, James) (Entered: 09/13/2023) |
| 09/15/2023 | | MINUTE ORDER granting Defendant's 51 , 52 Motions for Leave to Appear Pro Hac Vice. Attorneys David B. Toscano and John A. Atchley III are hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Timothy J. Kelly on 9/15/2023. (lctjk1) (Entered: 09/15/2023) |
| 09/27/2023 | 54 | NOTICE of Appearance by David B. Toscano on behalf of FACEBOOK, INC. (Toscano, David) (Entered: 09/27/2023) |
| 09/27/2023 | 55 | NOTICE of Appearance by John A. Atchley III on behalf of FACEBOOK, INC. (Atchley III, John) (Entered: 09/27/2023) |
| 10/10/2023 | 56 | Unopposed MOTION to Permit *Presentation by Two Government Attorneys During Hearing on Motion to Enforce* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Ho, Katherine) (Entered: 10/10/2023) |
| 10/11/2023 | | MINUTE ORDER granting the Government's 56 Unopposed Motion to Permit Presentation by Two Government Attorneys During Hearing on Motion to Enforce. It is hereby ORDERED that the Government's unopposed motion is GRANTED and that Zachary Cowan and Katherine Ho may address the Court at the hearing on Defendant's 38 motion to enforce. Signed by Judge Timothy J. Kelly on 10/11/2023. (lctjk1) (Entered: 10/11/2023) |
| 10/17/2023 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Motion Hearing held on 10/17/2023. Oral Argument heard on Defendant's 38 MOTION to Enforce, and taken under advisement. (Court Reporter: Timothy Miller) (zkh) (Entered: 10/17/2023) |
| 10/24/2023 | 57 | TRANSCRIPT OF MOTION HEARING before Judge Timothy J. Kelly held on 10–17–23; Page Numbers: 1–75; Date of Issuance: 10–24–23; Court Reporter: Timothy R. Miller, Telephone Number (202) 354–3111. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. |

| | | After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/14/2023. Redacted Transcript Deadline set for 11/24/2023. Release of Transcript Restriction set for 1/22/2024.(Miller, Timothy) (Entered: 10/24/2023) |
| 11/16/2023 | 58 | NOTICE OF SUPPLEMENTAL AUTHORITY by UNITED STATES OF AMERICA (Attachments: # 1 Supplement)(Cowan, Zachary) (Entered: 11/16/2023) |
| 11/17/2023 | 59 | NOTICE OF SUPPLEMENTAL AUTHORITY by FACEBOOK, INC. (Rouhandeh, James) (Entered: 11/17/2023) |
| 11/20/2023 | 60 | Joint STATUS REPORT by FACEBOOK, INC.. (Rouhandeh, James) (Entered: 11/20/2023) |
| 11/27/2023 | 61 | ORDER denying Defendant's 38 Motion to Enforce. See Order for details. Signed by Judge Timothy J. Kelly on 11/27/2023. (lctjk1) (Entered: 11/27/2023) |
| 11/27/2023 | 62 | MEMORANDUM OPINION in support of the Court's 61 Order denying Defendant's 38 Motion to Enforce. Signed by Judge Timothy J. Kelly on 11/27/2023. (lctjk1) (Entered: 11/27/2023) |
| 11/28/2023 | 63 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 62 Memorandum & Opinion, 61 Order on Motion to Enforce by FACEBOOK, INC.. Filing fee $ 505, receipt number ADCDC–10520989. Fee Status: Fee Paid. Parties have been notified. (Rouhandeh, James) (Entered: 11/28/2023) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>FACEBOOK, INC.,<br>a corporation,<br><br>                Defendant. | Case No. 1:19-cv-02184-TJK |

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Defendant Meta Platforms, Inc. (f/k/a Facebook, Inc.), by and through its undersigned counsel of record, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the Memorandum Opinion and Order (Dkt. Nos. 61, 62) entered in this action on November 27, 2023.

DATED: November 28, 2023

Respectfully submitted,

/s/ James P. Rouhandeh
James P. Rouhandeh
(D.C. Bar No. NY0390)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel. (212) 450-4835
rouhandeh@davispolk.com

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

       *Plaintiff*,

     v.

FACEBOOK, INC.,

       *Defendant*.

Civil Action No. 19-2184 (TJK)

## ORDER

    For the reasons set forth in the Court's accompanying memorandum opinion, it is hereby

**ORDERED** that Defendant's Motion to Enforce the Stipulated Order and to Enjoin the Administrative Reopening Proceeding of the Federal Trade Commission, ECF No. 38, is **DENIED**.

    **SO ORDERED.**

                        /s/ Timothy J. Kelly
                        TIMOTHY J. KELLY
                        United States District Judge

Date: November 27, 2023

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

     *Plaintiff*,

    v.

FACEBOOK, INC.,

     *Defendant*.

Civil Action No. 19-2184 (TJK)

## <u>MEMORANDUM OPINION</u>

In July 2012, the Federal Trade Commission and Defendant Facebook, Inc.—now known as Meta Platforms, Inc.—resolved an administrative proceeding over Defendant's alleged unfair and deceptive business practices relating to user privacy through the FTC's entry of an administrative decision and order. Among other things, the 2012 administrative order mandated that Defendant maintain a comprehensive privacy program. In July 2019, the FTC accused Defendant of violating the administrative order and committing related violations of law, and the Department of Justice filed this suit to seek civil penalties and injunctive relief. In April 2020, the Court entered the parties' Stipulated Order that imposed $5 billion in civil penalties against Defendant and directed Defendant to consent to the FTC's reopening of its administrative proceedings to modify the 2012 administrative order. The FTC did so soon after. Under the Stipulated Order, the Court retained jurisdiction for purposes of the Stipulated Order's construction, modification, and enforcement.

Earlier this year, however, the FTC ordered Defendant to show cause why the 2020 administrative order should not be modified, because of Defendant's *additional* alleged violations of the 2012 administrative order, violations of the 2020 administrative order, and related alleged

violations of law.  In response, Defendant moves to enforce the Stipulated Order and enjoin the

FTC from reopening the administrative proceedings against it on both a preliminary and permanent

basis.

For the reasons explained below, the Court finds that the obligations imposed on Defendant

through the FTC's 2020 administrative order, although set forth in an attachment to the Stipulated

Order, were not made part of the Stipulated Order itself.  As a result, the Court lacks jurisdiction

over claims related to potential changes to the 2020 administrative order and the FTC's authority

to reopen its proceedings and modify that order, because those claims do not involve the construc-

tion, modification or enforcement of the Stipulated Order.  Moreover, Defendant's remaining

claim that the FTC might make a small change to the 2020 administrative order that is inconsistent

with the Stipulated Order does not warrant preliminary injunctive relief.  Thus, as explained below,

Defendant's motion will be denied.

## I.       Background

In 2011, the FTC filed an administrative complaint against Defendant, alleging "unfair and

deceptive" privacy practices in violation of the FTC Act, 15 U.S.C. § 45(a).  *See In the Matter of

Facebook, Inc.*, No. C-4365, 2012 WL 3518628 (F.T.C.) (July 27, 2012) ("2012 Action").  As part

of the settlement of that action, in July 2012 the FTC entered an administrative order requiring,

among other things, that Defendant maintain a comprehensive privacy program.  ECF No. 3

("Compl.") ¶¶ 28–33; 2012 Action.

In July 2019, the FTC accused Defendant of violating the 2012 administrative order and

committing related violations of the FTC Act, and the DOJ filed this suit to seek civil penalties

and injunctive relief.  Compl. ¶¶ 1, 43–48, 155–90.  In April 2020, the Court entered the Stipulated

Order the parties proposed to resolve the suit.  The Stipulated Order imposed $5 billion in civil

penalties against Defendant.  ECF No. 4-1 at 3.  It also ordered Defendant to "consent to:

(i) reopening of the proceeding in FTC Docket No. C-4365; (ii) waiver of its rights under the show cause procedures set forth in Section 3.72(b) of the Commission's Rules of Practice, 16 C.F.R. § 3.72(b); and (iii) modifying the Decision and Order in *In re Facebook, Inc.*, C-4365, 2012 FTC LEXIS 135 (F.T.C. July 27, 2012), with the Decision and Order set forth in Attachment A." *Id.* at 4. Attachment A to the Stipulated Order was a proposed administrative order that, once adopted by the FTC, would replace the 2012 administrative order. *Id.* at 9–30. The Court reviewed the terms of the parties' proposal and found that the parties had consented to it and that it was fair, reasonable, and in the public interest. ECF No. 34 at 8–17. Thus, in April 2020, the Court entered the Stipulated Order and closed the case. ECF No. 35. The Stipulated Order provided that the Court would "retain jurisdiction in this matter for purposes of construction, modification, and enforcement of this Stipulated Order." *Id.* at 5.

Not long afterward, the FTC issued an order summarizing the proceedings here and "determined that it is in the public interest to reopen the proceeding . . . pursuant to Commission Rule 3.72(b), 16 C.F.R. § 3.72(b), and to issue a new order." ECF No. 38-11 at 2. Thus, the FTC reopened its administrative proceedings and modified the 2012 administrative order by replacing it with Attachment A, which then became the 2020 administrative order. *Id.* at 2–24. Two of the five FTC commissioners dissented from the FTC's decision to issue the 2020 administrative order. *Id.* at 2.

About three years passed. Then in May 2023, the FTC invoked its reopening authority under 15 U.S.C. § 45(b) and issued an order directing Defendant to show cause why the 2020 administrative order should not be modified because of additional alleged violations by Defendant of the 2012 administrative order, violations of the 2020 administrative order, and related alleged violations of the FTC Act. ECF No. 38-4. The show-cause order proposed far-reaching

3

modifications to the 2020 administrative order that the FTC says are intended to "strengthen and enhance" the order's protections. *Id.* at 13. For example, the proposed modifications include new provisions (1) limiting Defendant's use of information collected from minors, (2) prohibiting Defendant from introducing any new products or features pending its privacy program coming into full compliance with the order, and (3) extending the application of the order's existing provisions to Defendant's use of facial recognition technology. *Id.* at 13–14. The FTC directed Defendant to respond within 30 days and said it would "first consider [Defendant's] Answer and then determine what process is appropriate to resolve any issues that arise from that Answer," and eventually "determine whether to make the [proposed modification] final or modify it in any way." *Id.* at 2.

Rather than answer the FTC's show-cause order, though, Defendant moved this Court to enforce the Stipulated Order and enjoin the FTC from reopening administrative proceedings against it on both a preliminary and permanent basis. ECF No. 38. The FTC extended Defendant's deadline to answer to allow the Court to consider the motion. ECF No. 53 at 32.

Defendant's argument is three-fold. First, it argues, because this Court retains exclusive jurisdiction over the Stipulated Order "for purposes of [its] construction, modification, and enforcement," the FTC cannot modify the 2020 administrative order through its proposed administrative proceedings. ECF No. 38-1 at 25–29. And, it says, the Stipulated Order is a "final judgment" which can only be modified under Rule 60 of the Federal Rules of Civil Procedure, and for the FTC to modify the Stipulated Order on its own would both exceed its reopening authority under Section 5(b) and violate Article III. *Id.* at 29–36. Second, because the FTC's proposal is unmoored from the 2020 administrative order, the scope of such a modification would, likewise, exceed the FTC's statutory and regulatory authority to "alter, modify, or set aside" its orders. *Id.* at 36–41; *see also* 15 U.S.C. § 45(b); 16 C.F.R. 3.72(b). Third, Defendant brings a series of

constitutional challenges to both the structure of the FTC and its exercise of its reopening authority in this case. *Id.* at 41–53. In light of these claims, Defendant seeks a preliminary injunction under the All Writs Act which it says does not require a showing of irreparable harm. *Id.* at 53. In the alternative, it also argues that there *would be* irreparable harm should it have to participate in an unconstitutional administrative proceeding. *Id.* at 53–54.

## II. Legal Standards

Federal courts are courts of limited jurisdiction. *See Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). The law presumes that "a cause lies outside [the Court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts, accordingly, have an "independent obligation to ensure that they do not exceed the scope of their jurisdiction" and "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Congress, however, has implicitly divested district courts of that jurisdiction when a party seeks review of an order of the FTC, 15 U.S.C. § 45, except where claims are not "of the type" the statutory review scheme reaches, such as "claims that the structure, or even existence, of an agency violates the Constitution," *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 188–96 (2023).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. This Circuit's

5

precedent suggests that these factors may be evaluated on a "sliding scale," and that "an unusually strong showing on one of the factors" may compensate for a subpar showing on another. *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291–92 (D.C. Cir. 2009) (cleaned up). But after *Winter*, the Circuit has suggested without deciding that a plaintiff must independently establish both likelihood of success on the merits and irreparable harm. *See, e.g.*, *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). Even so, showing irreparable harm is a "non-negotiable hurdle" for preliminary injunctive relief. *Cal. Ass'n. of Priv. Postsecondary Schs. v. Devos* (*CAPPS*), 344 F. Supp. 3d 158, 167 (D.D.C. 2018). "A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).

## III.    Analysis

The Court's retained jurisdiction is limited to the "construction, modification, and enforcement" of the Stipulated Order. But despite Defendant's attempts to retroactively characterize Attachment A as part of that Order, the obligations imposed on Defendant reflected in that attachment were not ordered by the Court or made part of the Stipulated Order—they were imposed later, when the FTC issued its 2020 administrative order. For that reason, the FTC's proposed changes to its administrative order do not fall within the Court's jurisdiction over the construction, modification or enforcement of the Stipulated Order. Thus, the Court has no jurisdiction to reach Defendant's claims that are based on potential changes to the 2020 administrative order or the propriety of the administrative process that might lead to those changes. The Court will deny Defendant's motion for that reason. To the extent Defendant challenges the FTC's show-cause order and the changes it seeks to make to the 2020 administrative order, it must do so through a separate suit and plead a separate basis for that court's jurisdiction.

6

That leaves only a small sliver of Defendant's claims over which the Court has jurisdiction: those relating to any potential inconsistency with the Stipulated Order that might arise from changes the FTC makes to the 2020 administrative order.  Defendant has identified only one, over which government officials may be involved in picking the independent assessor of Defendant's privacy program.  But Defendant does not explain how the mere possibility of this inconsistency with the Stipulated Order would subject it to irreparable harm without a preliminary injunction. Thus, for that reason, its motion on this claim will be denied without prejudice.  If the FTC *does* end up entering an administrative order that is inconsistent with the Stipulated Order on the issue of who may be involved in the selection of the assessor, Defendant may, at that point, move to enforce the Stipulated Order.

**A.     This Court Does Not Have Enforcement Jurisdiction over the FTC's 2020 Administrative Order**

The threshold question is whether this Court has retained jurisdiction to enforce Attachment A, which was later issued by the FTC as the 2020 administrative order.  In *Kokkonen*, the Supreme Court laid out the relevant legal principles when resolving a similar dispute.  *See* 511 U.S. 375.  There, the parties reached an oral settlement recited on the record before the district court, which then entered a stipulated order dismissing the case.  *Id.* at 376–77.  A dispute later arose as to certain obligations under the settlement agreement, and one of the parties moved the district court to enforce the agreement, which it did.  *Id.* at 377.  The Supreme Court reversed.  *Id.* at 382.  The Court instructed that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378.  And because "the parties' obligation to comply with the terms of the settlement agreement" had not been "made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of

7

the settlement agreement in the order," a breach of the agreement would not violate the order, and the court had no ancillary jurisdiction to enforce the agreement. *Id.* at 381. Thus, the Court distinguished between the settlement agreement and the district court's dismissal order, and held that the former is not incorporated into the latter just because of the "judge's mere awareness and approval of the terms of the settlement agreement," but that it must have affirmatively been "made part of the order" in some way. *Id.*

In *Kokkonen*, the parties' breach-of-contract dispute arose under state law, so the district court needed ancillary jurisdiction to address those claims as part of an enforcement action which, otherwise, could not have been brought in federal court. Here, the stakes are slightly different: Defendant's purported claims sound in federal law, so they could be brought in federal court.[1] Still, the same "principle underlying" *Kokkonen* applies: after the claims in a case are resolved, a court's enforcement jurisdiction turns on whether it "incorporate[d] the settlement terms into the dismissal order or otherwise expressly retain[ed] jurisdiction to enforce the settlement agreement." *DC Soccer, LLC v. CapX Off. Sols., LLC*, No. 19-cv-3163 (BAH), 2021 WL 1061206, at *3 (D.D.C. Mar. 18, 2021) (citing *Kokkonen*, 511 U.S. at 381–82). In other words, because the Court's "jurisdiction to enforce consent decrees" is not "free-ranging," it is "constrained by the terms of the decree and related order." *Pigford v. Veneman*, 292 F.3d 918, 924 (D.C. Cir. 2002) (citing *Kokkonen*, 511 U.S. at 381); *see also id.* at 925 ("Who would sign a consent decree if district courts had free-ranging interpretive or enforcement authority untethered from the decree's negotiated terms?"). Thus, when "[p]laintiffs[] attempt to enforce the settlement agreement, absent a court order retaining jurisdiction" over that agreement, enforcement "is therefore a new action,

---

[1] Though, the Court notes, Congress has divested it of jurisdiction to hear a petition for review of an FTC order, 15 U.S.C. § 45(c), except where claims are not "of the type" the statutory review scheme reaches, *Axon*, 598 U.S. at 188–96.

which is unmoored from the underlying dispute and requires the filing of a new complaint." *DC Soccer, LLC*, No. 19-cv-3163 (BAH), 2021 WL 1061206, at *5 (citing Fed. R. Civ. P. 3, 7); *cf. Dailey v. Park*, 468 F. Supp. 2d 209, 213 (D.D.C. 2007) ("Without a formal judicial act, the parties' agreement remains a privately created agreement between two parties who happen to be litigating a wholly different issue in this court.").

Applying *Kokkonen*'s principle here, the question is whether Attachment A was "made part of" the Stipulated Order such that the Court retained enforcement jurisdiction over the FTC's 2020 administrative order. The answer is no. The Stipulated Order directed Defendant to pay $5 billion in civil money penalties and "consent to" the FTC's reopening of its administrative proceedings and modification of its 2012 administrative order with Attachment A. ECF No. 35 at 3–4. But the Court did not order Defendant to comply with the terms of Attachment A, nor order the FTC to do anything. *Id.* Instead, a few days after the Court made its ruling, the FTC issued an order "determin[ing] that it [was] in the public interest to reopen the proceeding" and, by a 3-2 vote, modified the 2012 administrative order with Attachment A, noting that Defendant had consented to such action. ECF No. 38-11 at 2. Especially because two Commissioners felt free to dissent from that determination, the need for that separate proceeding all but confirms that "the parties' obligation to comply with the terms of" Attachment A had not been "made part of" the Court's Stipulated Order. *Kokkonen*, 511 U.S. at 381. Thus, although the Court "retain[ed] jurisdiction in this matter for purposes of construction, modification, and enforcement of [the] Stipulated Order," that jurisdiction does not extend to Attachment A, or the FTC's 2020 administrative order. ECF No. 35 at 5.[2]

_____

[2] Just recently, another court interpreting an identical provision came to the same conclusion, reasoning that the court's order to consent to the modification of a previous FTC order with

Defendant argues to the contrary, but to no avail.  To begin, it says that the Stipulated Order must have incorporated Attachment A because an "order granting an injunction" cannot "refer[] to [any] other document."  ECF No. 38-1 at 27 (alterations in original) (quoting Fed. R. Civ. P. 65(d)(1)).  But Rule 65(d)(1) requires only that such an order "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  The Stipulated Order did so when it ordered Defendant to consent to the FTC's reopening of its administrative proceedings and the modification of the 2012 administrative order.  That much—the only injunctive relief it ordered—the Court "describe[d] in reasonable detail" without the aid of Attachment A.

Defendant also argues that the terms of Attachment A itself suggest that its obligations were made part of the Court's order in some way.  Defendant makes much of the lack of language in Attachment A that expressly reaffirms the FTC's modification authority, arguing that this reflects an implicit understanding of the parties that the 2020 administrative order was part of the Stipulated Order and could only be modified by the Court.  *See* ECF No. 53 at 21 & n.9.  But Defendant assigns far more weight to this absence than it can bear.  The parties drafted Attachment A against a statutory backdrop in which "the Commission may at any time, after notice and opportunity for hearing, reopen and alter, modify, or set aside, in whole or in part any report or order made or issued by it under this section, whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require . . . ."  15 U.S.C. § 45(b).  And nothing in Attachment A—or the Stipulated Order, for that matter—expressly limits the FTC's statutory authority to modify its own administrative orders.

---

an attached replacement "sped up the issuance of the Administrative Order, but it does not mean that the Administrative Order *became* a Court order."  *United States v. Twitter, Inc.*, No. 22-cv-3070-TSH, 2023 WL 8007994, at *6 (N.D. Cal. Nov. 16, 2023).

*See* ECF No. 35.  Under these circumstances, and because Attachment A, by its own terms, had to be adopted and issued by the FTC to be effective, the Court cannot construe silence as a waiver of the FTC's statutory right.  *See George Banta Co., Inc., Banta Div. v. NLRB*, 686 F.2d 10, 20 (D.C. Cir. 1982) (reasoning that "the waiver of statutory rights must be demonstrated by an express statement in the contract to that effect," and "[e]ven explicit language will not be read expansively" (internal quotation marks and citations omitted)); *FTC v. Ruberoid Co.*, 343 U.S. 470, 475–76 (1952) (reasoning that provisions of the FTC Act "necessarily" remain "implicit in every order issued under the authority of the Act, just as if the order set them out in extenso"); *see also Dolcin Corp. v. FTC*, 219 F.2d 742, 750 (D.C. Cir. 1954).

Moreover, Attachment A is not entirely mute on modification.  The parties specified that Defendant may "seek modification" of certain parts of the administrative order "pursuant to 15 U.S.C. § 45(b) and 16 C.F.R. § 2.51(b)"—*i.e.*, those provisions authorizing the FTC to reopen administrative proceedings and modify its own orders—"to address relevant developments that affect compliance."  ECF No. 35 at 14; ECF No. 38-11 at 8.  This provision reaffirms, rather than undermines, an understanding that Attachment A was not part of the Stipulated Order, because it contemplates that at least under some circumstances, the FTC could modify its administrative order without the Court's consent.

Defendant also seizes on part of the "findings" in Attachment A, which reads: "This Court has jurisdiction over this matter."  ECF No. 35 at 9; ECF No. 38-11 at 3.  No doubt it is a curious phrase.  Neither party's explanation for it is persuasive, except perhaps as much as the Government concedes it may be a scrivener's error.  October 17, 2023 Hr'g Tr. 44:1–4.  The Government contends that "this Court" really means the FTC.  It was the FTC, it argues, that ultimately entered the 2020 administrative order and—though the choice of words may seem odd—the FTC "is referred

to as an administrative court when it adjudicates." ECF No. 49 at 24 & n.7. But given that the FTC is at no other point in the order called a "court," *this* Court is unconvinced that the phrase was used—at least intentionally—to describe the FTC. Defendant's explanation that, to the contrary, the phrase refers to this Court fares no better. Read in context with the immediately preceding line, the relevant provision is as follows: "the Commission issues its Complaint, makes the following Findings, and issues the following Order: (1) This Court has jurisdiction over this matter." ECF No. 35 at 9; ECF No. 38-11 at 3. The use of the word "this" before "Court" strongly suggests that it refers to the body entering the order, the FTC. In the end, the Court holds that whatever the phrase was supposed to mean, it does not mean *this* Court. Thus, the phrase does not suggest that Attachment A was part of the Stipulated Order.

Finally, Defendant points to the parties' comments during this litigation. At one point, the Government "respectfully request[ed] that . . . this Court enter the Stipulated Order and effectuate the comprehensive settlement negotiated by the parties," and the FTC issued a statement "regarding the Federal Court's approval" of the "conduct relief" in the settlement. ECF No. 53 at 17 (citations omitted) (emphasis omitted). But these references reflect only that the Court "approved" Attachment A insofar as it needed to satisfy itself of the settlement's overall fairness. ECF No. 34 at 6–17. As the Supreme Court held, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381. So too here.[3]

In sum, the Court's retained jurisdiction does not extend to Attachment A, or the terms of the FTC's 2020 administrative order. Thus, any claims about the modifications the FTC may make

---

[3] Nor are the terms of the FTC's 2020 administrative order a "final judgment" with res judicata effect; they were not ordered by the Court at all.

to that order do not fall within the Court's retained jurisdiction, because such modifications do not involve the construction, modification or enforcement of the Stipulated Order. And for the same reasons, the Court has no jurisdiction over any claims that challenge the process through which the FTC seeks to do so.

This conclusion may appear to some, as Defendant calls it, "the height of empty formalism." ECF No. 53 at 23. But in general, as a federal court of "limited jurisdiction," this Court possesses "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). And under *Kokkonen*, a court retains jurisdiction to enforce only what it ordered, rather than the terms of a related settlement agreement that was not "made part of" its order. Put another way, to do more would exceed the Court's jurisdiction ancillary to an enforcement action which, "at its core," is "a creature of necessity." *Peacock v. Thomas*, 516 U.S. 349, 359 (1996). The Court will not distend the bounds of its own limited enforcement jurisdiction to adjudicate the merits of a case or controversy not properly before it. *Cf. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (concluding that "the court does not have the authority to issue an injunction" when "a plaintiff seeks injunctive relief based on claims not pled in the complaint" because "[a] court's equitable power lies only over the merits of the case or controversy before it").

Finally, the Court notes that the parties here are sophisticated ones that, at least in theory, could have proceeded differently. "If the parties *wish[ed]* to provide for the court's enforcement" of the terms of Attachment A, "they [could have sought] to do so" had they made "the parties' compliance with the terms" of Attachment A "one of the terms set forth in the order." *Kokkonen*, 511 U.S. at 381–82; *see, e.g.*, *United States v. Amazon.com, Inc.*, No. 23-cv-811 (TL), ECF No. 29 (W.D. Wash. July 19, 2023) (stipulated order resolving FTC complaint in which the district

13

court ordered both monetary and injunctive relief). They didn't. And the Court may not rewrite the parties' agreement to make it so.

**B.    Defendant Will Not Suffer Irreparable Harm Connected to Defendant's Remaining Claim**

Although the Court lacks jurisdiction over Attachment A and the FTC's 2020 administrative order, it does "retain jurisdiction in this matter for purposes of construction, modification, and enforcement of this Stipulated Order." ECF No. 35 at 5. And Defendant complains that it could be "subject to the possibility of conflicting obligations between the Stipulated Order, a binding court judgment, and a new, stand-alone FTC order." ECF No. 53 at 19. Fair enough. But Defendant has identified only one provision in the Stipulated Order itself that conflicts with the FTC's proposed modification: one that provides a role for a DOJ official in picking an independent assessor of Defendant's privacy program. The Stipulated Order provides that Defendant "agrees" that the DOJ "shall have the . . . same right" as the FTC's Associate Director for Enforcement "to approve the person(s) selected to conduct the Assessments described in Part VIII of the Decision and Order set forth in Attachment A." ECF No. 35 at 4. On the other hand, the FTC's proposed modification would make the authority of the Associate Director for Enforcement to approve the assessor "in his or her sole discretion," a scheme necessarily inconsistent with one that would share that authority with the DOJ. ECF No. 38-5 at 20.

The problem for Defendant is that this single potential inconsistency with the Stipulated Order does not warrant *any* preliminary injunctive relief, let alone an injunction prohibiting the FTC from reopening its proceedings. A party seeking preliminary relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. And "[t]o demonstrate irreparable injury, a plaintiff must show that it will suffer harm that is more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff." *Hi-Tech*

14

*Pharmacal Co. v. FDA*, 587 F. Supp. 2d 1, 11 (D.D.C. 2008) (citation omitted).  In other words,

the harm must be "both certain and great; it must be actual and not theoretical," and "of such

imminence that there is a clear and present need for equitable relief to prevent irreparable harm."

*Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (citation and emphasis omitted).  The

harm, moreover, "must be beyond remediation."  *Chaplaincy of Full Gospel Churches*, 454 F.3d

at 297.

Defendant, however, has alleged no harm that would flow from this potential inconsistency

with the Stipulated Order, let alone harm that would justify a preliminary injunction.  Nothing

about this potential inconsistency is certain, especially given that the FTC is now on notice that

such a change appears to conflict with the Stipulated Order.  Nothing about any harm to Defendant

flowing from this potential inconsistency is "great," given that in either case, a government official

would be picking the independent assessor.  And above all, nothing suggests that any such harm

would be irreparable, given that Defendant could, if an administrative order included this provi-

sion, simply move to enforce the Stipulated Order at that time.[4]  *See* ECF Nos. 38, 53.  So Defend-

ants have not shown the need for a preliminary injunction enjoining the FTC from entering an

administrative order including this provision about the selection of the independent assessor.

Defendant *does* argue—in connection with its broader argument that the FTC may not

make any changes to the 2020 administrative order because Attachment A is part of the Stipulated

Order—that it would suffer an irreparable "here-and-now" injury merely by being subjected to the

FTC's allegedly unconstitutional reopening and modification process.  ECF No. 38-1 at 41–54;

*see Axon*, 598 U.S. at 191.  But that alleged harm gets Defendant nowhere in connection with this

---

[4] For this reason, Defendant's motion to enforce the Stipulated Order on this narrow point
will be denied *without prejudice*.

potential inconsistency with the Stipulated Order.  That is so because, as explained above, the

Court has no jurisdiction over Defendant's claim that the FTC lacks the authority to reopen its

proceedings and modify the 2020 administrative order.  And "a preliminary injunction may not

issue when it is not of the same character as that which may be granted finally and when it deals

with matter outside the issues in the underlying suit."  *Sai v. TSA*, 54 F. Supp. 3d 5, 8–9 (D.D.C.

2014) (citation omitted); *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220

(1945).  A preliminary injunction has a "limited purpose . . . [to] preserve[] the trial court's power

to adjudicate the underlying dispute by maintaining the *status quo ante*."  *Select Milk Producers,

Inc. v. Johanns*, 400 F.3d 939, 954 (D.C. Cir. 2005) (Henderson, J., dissenting).  So where "a

preliminary injunction motion seeks temporary relief on claims not pleaded in the complaint"—

or, as here, on claims outside the jurisdiction retained by the Court under the Stipulated Order—

"the court will have no occasion to finally adjudicate those claims on the merits."  *Steele v. United

States*, No. 14-cv-1523 (RCL), 2020 WL 7123100, at *7 (D.D.C. Dec. 4, 2020) (denying motion

"to enjoin a practice that plaintiffs do not challenge in the operative complaint," *id.* at *1); *see

Zimmermann v. Epstein Becker & Green, P.C.*, 657 F.3d 80, 85 (1st Cir. 2011) ("[N]ew . . . claims

against a new set of defendants cannot ride on the coat-tails of the earlier action under the guise of

an enforcement proceeding.").

*     *     *

Finally, the All Writs Act cannot salvage Defendant's motion.  That Act gives the Court

power to "issue all writs necessary or appropriate in aid of [its] jurisdiction[]."  28 U.S.C.

§ 1651(a).  And "this court has an 'inherent' power under the All Writs Act to stay agency action

in order to preserve its prospective jurisdiction."  *In re NTE Conn., LLC*, 26 F.4th 980, 987 (D.C.

Cir. 2022) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)).  But "relief under the All Writs Act

16

is an extraordinary remedy that may be invoked only if the statutorily prescribed remedy is clearly inadequate," and the same "well established requirements that [are] routinely appl[ied] to motions for stay pending appeal, among which is the likelihood of irreparable harm," must still be shown. *Reynolds Metals Co. v. FERC*, 777 F.2d 760, 762 (D.C. Cir. 1985). As explained above, as for claims that turn on Defendant's argument that Attachment A, and thus the FTC's 2020 administrative order, were part of the Stipulated Order, the Court has no jurisdiction over them. The All Writs Act cannot create jurisdiction when none exists. *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999). And as for Defendant's claim related to the potential inconsistency it identifies between a future administrate order and the Stipulated Order, it has shown no basis for this Court to invoke the All Writs Act, including the prospect of suffering irreparable harm because of that potential inconsistency.

## IV.    Conclusion

For all the above reasons, the Court will deny Defendant's Motion to Enforce the Stipulated Order and to Enjoin the Administrative Reopening Proceeding of the Federal Trade Commission, ECF No. 38. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 27, 2023

17