ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>FACEBOOK, INC.,<br>a corporation,<br><br>        Defendant-Appellant. | Case No. 23-5280 |

## STATEMENT OF ISSUES TO BE RAISED

Pursuant to the Clerk's Order of December 7, 2023 Appellant Meta Platforms, Inc. (formerly Facebook, Inc.) ("Meta") respectfully submits this non-binding Statement of Issues to Be Raised in this appeal from a memorandum opinion and order entered by the District Court on November 27, 2023 denying its Motion to Enforce the Stipulated Order and to Enjoin the Administrative Reopening Proceeding of the Federal Trade Commission. *See United States v. Facebook, Inc.*, No. 19-2184 (TJK), 2023 WL 8190858 (D.D.C. Nov. 27, 2023) (the "District Court Order").

Meta contends that the District Court erred in interpreting the

parties' consent decree that the District Court had entered on April 23, 2020 (Dkt. No. 35). The District Court concluded that the jurisdiction it had retained "for purposes of construction, modification, and enforcement of [the] Stipulated Order" to effectuate the parties' settlement did not include jurisdiction over Attachment A to the Stipulated Order, which the Stipulated Order "impose[d]," *United States v. Facebook, Inc.*, 456 F. Supp. 3d 115, 117, 120 (D.D.C. 2020), and which the Federal Trade Commission has proposed to modify through an administrative reopening proceeding purportedly pursuant to 15 U.S.C. § 45(b). Specifically, Meta expects to raise the following issues:

1. Whether the District Court misinterpreted the consent decree in concluding that the "Stipulated Order" did not include "Attachment A" where: (a) "Stipulated Order" is defined to include Attachment A; (b) Attachment A itself states that "[t]his Court has jurisdiction over this matter," and contains multiple other provisions that reflect its incorporation in the Stipulated Order; (c) multiple provisions of the consent decree would be rendered superfluous by the District Court Order if it were separate; (d) both parties represented that the Stipulated Order incorporated Attachment A; and (e) the District Court (and another district court independently) previously stated

2

that the Stipulated Order includes Attachment A or imposed the relief set forth in Attachment A.

2. Whether the District Court erred in its application of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), where: (a) *Kokkonen* involved a voluntary stipulation of dismissal pursuant to a settlement between private parties rather than a consent decree that the District Court reviewed and approved; (b) in approving the consent decree, the District Court explicitly considered the injunctive provisions of Attachment A as an integral part of the consent decree; and (c) the parties provided for the retention of District Court jurisdiction in the Stipulated Order and included the full text of Attachment A in the Stipulated Order.

3. Whether, after concluding that it lacked jurisdiction "for purposes of construction" of Attachment A, the District Court erred in construing Attachment A and in suggesting that the FTC is free to unilaterally modify it where: (a) the FTC's statutory modification authority under 15 U.S.C. § 45(b) does not extend to consent orders or orders approved by federal district courts; (b) the Stipulated Order includes an express provision assigning modification authority to the District Court; (c) the parties' agreement (unlike an earlier administrative

3

consent order agreed to by the parties) contained no provision allowing the FTC to modify it unilaterally; and (d) Attachment A specifically provided for limited modification rights inconsistent with (and which would be rendered superfluous by) Attachment A being freely modifiable under 15 U.S.C. § 45(b).

4. Whether the District Court erred in determining that it did not impose the injunctive relief set out in Attachment A to the Stipulated Order where the FTC proceeded before the District Court pursuant to two statutes—15 U.S.C. §§ 45(l), 53(b)—which authorize only federal district courts to impose relief.

5. Whether the District Court erred in determining that Rule 65(d) of the Federal Rules of Civil Procedure is not implicated by its finding that Attachment A is separate from, and can be modified independently of, the Stipulated Order.

| | |
|---|---|
| Dated: January 8, 2024 | Respectfully submitted, |
| | /s/ James P. Rouhandeh |
| | _____ |
| Paul J. Nathanson | James P. Rouhandeh |
| DAVIS POLK & WARDWELL LLP | Michael Scheinkman |
| 901 15th Street, NW | David B. Toscano |
| Washington, DC 20005 | Marc J. Tobak |
| Tel: (202) 962-7000 | John A. Atchley III |
| paul.nathanson@davispolk.com | DAVIS POLK & WARDWELL LLP |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | rouhandeh@davispolk.com |
| | michael.scheinkman@davispolk.com |
| | david.toscano@davispolk.com |
| | marc.tobak@davispolk.com |
| | john.atchley@davispolk.com |
| | |
| | *Counsel for Defendant-Appellant* |