# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-5280**  **September Term, 2023**

1:19-cv-02184-TJK

**Filed On:** March 12, 2024

United States of America,

    Appellee

  v.

Facebook, Inc.,

    Appellant

    **BEFORE:**    Millett, Pillard, and Wilkins, Circuit Judges

## O R D E R

Upon consideration of the motion for injunction pending appeal, the response thereto, and the reply, it is

**ORDERED** that the motion be denied. Appellant has not satisfied the stringent requirements for an injunction pending appeal. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021).

First, appellant has not met the "high standard for irreparable injury." Mexichem Specialty Resins, Inc. v. EPA, 787 F.3d 544, 555 (D.C. Cir. 2015) (quoting Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006)); see also League of Women Voters of United States v. Newby, 838 F.3d 1, 8 (D.C. Cir. 2016) (injury must be "certain and great," "actual and not theoretical," and "beyond remediation" (quoting Chaplaincy, 454 F.3d at 297)). Appellant's motion seeks to enjoin administrative proceedings on the Federal Trade Commission's order to show cause why it should not modify an order it entered against appellant in 2020. Appellant does not dispute that a final order in that proceeding will be reviewable by a federal court of appeals pursuant to 15 U.S.C. § 45(c). Appellant nevertheless contends that it will be irreparably harmed by participating in that proceeding. But the expense and annoyance of litigation, including in an FTC proceeding, does not constitute irreparable injury. See FTC v. Standard Oil Co. of Cal., 449 U.S. 232, 244 (1980). And appellant has not demonstrated irreparable harm based on its arguments that, absent an injunction, it will be "denied its bargained-for forum" and "forced to relitigate a settled matter."

Additionally, appellant has not shown it is likely to succeed on the merits of its appeal. When the district court entered the parties' Stipulated Order in 2020, it retained jurisdiction for purposes of construction, modification, and enforcement of that order. Appellant argues that the district court's retention of jurisdiction encompassed the Stipulated Order's Attachment A. The Stipulated Order, however, orders appellant to consent to the FTC's entry of Attachment A as an administrative order. Appellant does not dispute that Attachment A became an enforceable administrative order when the FTC subsequently entered it. Appellant has not demonstrated, at least at this preliminary stage, that the district court also ordered appellant's compliance with Attachment A such that any modification of the 2020 FTC order would conflict with the court's retained jurisdiction over the Stipulated Order.

Finally, appellant has not shown that the balance of equities and the public interest weigh in favor of enjoining the FTC proceeding pending appeal. The FTC's order to show cause asserts reason to believe that, among other things, appellant failed to establish and implement an effective privacy program as mandated by the 2020 FTC order. The FTC's stated concerns implicate important public interests, and appellant has not shown that those interests are outweighed by any cognizable harm to appellant or the public from moving forward with the FTC proceeding during the pendency of this appeal.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
      Selena R. Gancasz
      Deputy Clerk