**Davis Polk**

James P. Rouhandeh
+1 212 450 4835
rouhandeh@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

January 16, 2025

Re: *United States v. Facebook, Inc.*, Case No. 23-5280

<u>Via CM/ECF</u>
Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., NW
Washington, DC 20001

Dear Mr. Cislak:

We write on behalf of Appellant in response to the government's submission of an FTC decision in the administrative proceeding that Meta moved to enjoin in the action underlying this appeal.

First, the government omits that the Commission's determination that it has the statutory authority to modify consent orders is "subject to" and made "without ruling on" Meta's jurisdictional challenges pending before this Court. (Decision at 1, 16.) The FTC limited its ruling with good reason. Its statutory authority to modify administrative orders is irrelevant if the District Court imposed the terms of Attachment A to the Stipulated Order, as Meta has demonstrated here.

Second, the government advances a new argument—forfeited on this appeal—that the term "injunction" has been used to describe FTC cease-and-desist orders.[1] The Commission's scattered use of the term "injunction" elsewhere does not change that the District Court unequivocally imposed ***Attachment A's*** injunctive relief here. The FTC Act authorizes courts to issue "injunctions," 15 U.S.C. §§ 45(l), 53(b), and the Commission invoked that judicial authority expressly by asking the District Court to "[e]nter an injunction" "pursuant to 15 U.S.C. §§ 45(l) and 53(b), and . . . the Court's own equitable powers." A61. Its Consent Motion explained that the ***Stipulated Order*** "imposes significant injunctive relief, primarily in the form of an amended administrative order," A89, a legal conclusion the District Court adopted in issuing the Stipulated Order to "impose injunctive relief in the form of an amended administrative order." A186. And it wielded the District Court's injunction in monitoring Meta's compliance. A611. The District Court could not have "imposed" Attachment A's injunctive relief other than through the Stipulated Order—over which the District Court undisputedly retains jurisdiction. A207, A211.

Respectfully submitted,

　　*/s/ James P. Rouhandeh*

James P. Rouhandeh

*Counsel for Meta*

cc:  All Counsel

---

[1] The Commission opposes Meta's Article III challenge to the same administrative proceeding by arguing that although they "share similarities," FTC "cease-and-desist orders" are not "court-issued injunctions." *Meta Platforms, Inc. v. FTC*, No. 23-cv-03562, (D.D.C.), Dkt. #43 at 24.